IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LOCAL UNION NO. 124 I.B.E.W. PENSION TRUST FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10-0047-CV-W-GAF |
| PAXTON ELECTRIC, LLC | ) ) ) | |
| Defendant. | ) | |

## DEFAULT JUDGMENT

Upon the motion of Local Union No. 124 IBEW Pension Trust Fund, National Electrical Benefit Fund, Local Union No. 124 IBEW – NECA Annuity and 401(k) Trust Fund, IBEW Local Union No. 124 Health and Welfare Fund, IBEW Local Union No. 124 Vacation and Holiday Trust Fund, Electrical Joint Apprenticeship and Training Trust Fund, Labor Management Cooperation Trust, and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1. Plaintiffs herein on January 15, 2010, filed their Complaint against the defendant herein; and

2. The defendant was served through its Registered Agent, Tammy Paxton, by Special Process Server with a copy of the Summons and Complaint on January 22, 2010, at 2555 NE 307th Street, Turney, Missouri, and therefore the Court has jurisdiction over said defendant; and

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. §1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs;

and the plaintiffs have heretofore filed in the within cause on the 26th day of March, 2010, the following pleadings and caused the same to be mailed by certified mail to: Tammy Paxton, Registered Agent, 2555 NE 307th Street, Turney, Missouri:

    a.    Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure);

    b.    Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

    c.    Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

5. The Court entered a show-cause order on the 14th day of April, 2010, directing defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: Tammy Paxton, Registered Agent. Nevertheless, no proceedings have been made by defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered;

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Paxton Electric, LLC, and in favor of plaintiffs, Local Union No. 124 IBEW Pension Trust Fund, National Electrical Benefit Fund, Local Union No. 124 IBEW – NECA Annuity and 401(k) Trust Fund, IBEW Local Union No. 124 Health and Welfare Fund, IBEW Local Union No. 124 Vacation and Holiday Trust Fund, Electrical Joint Apprenticeship and Training Trust Fund, Labor Management Cooperation Trust, and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1. That the plaintiff, Local Union No. 124 IBEW Pension Trust Fund, have and recover of and from the defendant for the period **August 1, 2008 through January 31, 2009** the amount of **TWENTY-ONE THOUSAND, FIFTY-SIX AND 97/100 ($21,056.97) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, FIFTY-TWO AND 84/100 ($1,052.84) DOLLARS** as and for liquidated

damages and **ONE THOUSAND, SIXTY-FOUR AND 29/100 ($1,064.29) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, TWO HUNDRED FIFTY-ONE AND 08/100 ($1,251.08) DOLLARS** representing reasonable attorneys' fees; **ONE HUNDRED TWELVE AND 20/100 ($112.20) DOLLARS** representing audit costs, for a total of **TWENTY-FOUR THOUSAND, FIVE HUNDRED THIRTY-SEVEN AND 38/100 ($24,537.38) DOLLARS,** less payments received of $12,686.08 for a judgment of **ELEVEN THOUSAND, EIGHT HUNDRED FIFTY-ONE AND 30/100 ($11,851.30) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **August 1, 2008,** to date.

3. That the plaintiff, Local Union No. 124 IBEW Pension Trust Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **August 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Local Union No. 124 IBEW Pension Trust Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

**COUNT II**

1. That the plaintiff, National Electrical Benefit Fund, have and recover of and from the defendant for the period **August 1, 2008 through January 31, 2009** the amount of **SEVEN THOUSAND, FORTY-TWO AND 10/100 ($7,042.10) DOLLARS** in unpaid fringe benefit contributions, **THREE HUNDRED FIFTY-TWO AND 10/100 ($352.10) DOLLARS** as and for liquidated damages and **THREE HUNDRED FIFTY-SIX AND 05/100 ($356.05) DOLLARS** representing interest on the unpaid contributions; **THREE HUNDRED SIXTY-SEVEN AND 96/100 ($367.96) DOLLARS** representing reasonable attorneys' fees; **THIRTY-THREE AND 00/100 ($33.00) DOLLARS** representing audit costs, for a total of **EIGHT THOUSAND, ONE HUNDRED FIFTY-ONE AND 21/100 ($8,151.21) DOLLARS,** less payments received of $3,731.20 for a judgment of **FOUR THOUSAND, FOUR HUNDRED TWENTY AND 01/100 ($4,420.01) DOLLARS** and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **August 1, 2008,** to date.

3. That the plaintiff, National Electrical Benefit Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours

4

found by said accounting to have been paid to employees covered by said agreements from **August 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the National Electrical Benefit Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

### **COUNT III**

1. That the plaintiff, Local Union No. 124 IBEW – NECA Annuity and 401(k) Trust Fund, have and recover of and from the defendant for the period **August 1, 2008 through January 31, 2009** the amount of **TWENTY-EIGHT THOUSAND, FIVE HUNDRED SIXTY-SIX AND 004/100 ($28,566.00) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, FOUR HUNDRED TWENTY-EIGHT AND 32/100 ($1,428.32) DOLLARS** as and for liquidated damages and **ONE THOUSAND, FOUR HUNDRED FORTY-EIGHT AND 82/100 ($1,448.82) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, THREE HUNDRED TWENTY-FOUR AND 68/100 ($1,324.68) DOLLARS** representing reasonable attorneys' fees; **ONE HUNDRED EIGHTEEN AND 80/100 ($118.80) DOLLARS** representing audit costs, for a total of **THIRTY-TWO THOUSAND, EIGHT HUNDRED EIGHTY-SIX AND**

**62/100 ($32,886.62) DOLLARS,** less payments received of $13,432.32 for a judgment of **NINETEEN THOUSAND, FOUR HUNDRED FIFTY-FOUR AND 30/100 ($19,454.30) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **August 1, 2008,** to date.

3. That the plaintiff, Local Union No. 124 IBEW – NECA Annuity and 401(k) Trust Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **August 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Local Union No. 124 IBEW – NECA Annuity and 401(k) Trust Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT IV

1. That the plaintiff, IBEW Local Union No. 124 Health and Welfare Fund, have and recover of and from the defendant for the period **August 1, 2008 through January 31, 2009** the amount of **FIFTY-NINE THOUSAND, THIRTY AND 33/100 ($59,030.33) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, NINE HUNDRED FIFTY-ONE AND 52/100 ($2,951.52) DOLLARS** as and for liquidated damages and **TWO THOUSAND, NINE HUNDRED EIGHTY-FIVE AND 63/100 ($2,985.63) DOLLARS** representing interest on the unpaid contributions; **TWO THOUSAND, FIVE HUNDRED SEVENTY-FIVE AND 77/100 ($2,575.77) DOLLARS** representing reasonable attorneys' fees; **TWO HUNDRED THIRTY-ONE AND 00/100 ($231.00) DOLLARS** representing audit costs, for a total of **SIXTY-SEVEN THOUSAND, SEVEN HUNDRED SEVENTY-FOUR AND 25/100 ($67,774.25) DOLLARS,** less payments received of $26,118.40 for a judgment of **FORTY-ONE THOUSAND, SIX HUNDRED FIFTY-FIVE AND 85/100 ($41,655.85) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **August 1, 2008,** to date.

3. That the plaintiff, IBEW Local Union No. 124 Health and Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to

the number of hours found by said accounting to have been paid to employees covered by said agreements from **August 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the IBEW Local Union No. 124 Health and Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT V

1. That the plaintiff, IBEW Local Union No. 124 Vacation and Holiday Trust Fund, have and recover of and from the defendant for the period **August 1, 2008 through January 31, 2009** the amount of **FOURTEEN THOUSAND, NINE HUNDRED EIGHTY-SIX AND 83/100 ($14,986.83) DOLLARS** in unpaid fringe benefit contributions, **SEVEN HUNDRED FORTY-NINE AND 34/100 ($749.34) DOLLARS** as and for liquidated damages and **SEVEN HUNDRED FIFTY-SIX AND 80/100 ($756.80) DOLLARS** representing interest on the unpaid contributions; **EIGHT HUNDRED NINE AND 53/100 ($809.53) DOLLARS** representing reasonable attorneys' fees; **SEVENTY-TWO AND 60/100 ($72.60) DOLLARS** representing audit costs, for a total of **SEVENTEEN THOUSAND, THREE HUNDRED SEVENTY-FIVE AND**

**10/100 ($17,375.10) DOLLARS,** less payments received of $8,208.64 for a judgment of **NINE THOUSAND, ONE HUNDRED SIXTY-SIX AND 46/100 ($9,166.46) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **August 1, 2008,** to date.

3. That the plaintiff, IBEW Local Union No. 124 Vacation and Holiday Trust Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **August 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the IBEW Local Union No. 124 Vacation and Holiday Trust Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

### COUNT VI

1. That the plaintiff, Electrical Joint Apprenticeship and Training Trust Fund, and have and recover of and from the defendant for the period **August 1, 2008 through January 31, 2009** the amount of **FOUR THOUSAND, FOUR HUNDRED SEVENTY-TWO AND 70/100 ($4,472.70) DOLLARS** in unpaid fringe benefit contributions, **TWO HUNDRED TWENTY-THREE AND 65/100 ($223.65) DOLLARS** as and for liquidated damages and **TWO HUNDRED TWENTY-FIVE AND 79/100 ($225.79) DOLLARS** representing interest on the unpaid contributions; **TWO HUNDRED TWENTY AND 78/100 ($220.78) DOLLARS** representing reasonable attorneys' fees; **NINETEEN AND 80/100 ($19.80) DOLLARS** representing audit costs, for a total of **FIVE THOUSAND, ONE HUNDRED SIXTY-TWO AND 72/100 ($5,162.72) DOLLARS,** less payments received of $2,238.72 for a judgment of **TWO THOUSAND, NINE HUNDRED TWENTY-FOUR AND 00/100 ($2,924.00) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **August 1, 2008,** to date.

3. That the plaintiff, Electrical Joint Apprenticeship and Training Trust Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **August 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs

and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Electrical Joint Apprenticeship and Training Trust Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## **COUNT VII**

1. That the plaintiff, Labor Management Cooperation Trust, have and recover of and from the defendant for the period **August 1, 2008 through January 31, 2009** the amount of **ONE THOUSAND, THREE HUNDRED EIGHT AND 08/100 ($1,308.08) DOLLARS** in unpaid fringe benefit contributions, **SIXTY-FIVE AND 41/100 ($65.41) DOLLARS** as and for liquidated damages and **SIXTY-SIX AND 32/100 ($66.32) DOLLARS** representing interest on the unpaid contributions; **SEVENTY-THREE AND 59/100 ($73.59) DOLLARS** representing reasonable attorneys' fees; **SIX AND 60/100 ($6.60) DOLLARS** representing audit costs, for a total of **ONE THOUSAND, FIVE HUNDRED TWENTY AND 00/100 ($1,520.00) DOLLARS,** less payments received of $746.24 for a judgment of **SEVEN HUNDRED SEVENTY-THREE AND 76/100 ($773.76) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to

employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **August 1, 2008,** to date.

3. That the plaintiff, Labor Management Cooperation Trust, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **August 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Labor Management Cooperation Trust on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT VIII

1. That the plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, have and recover of and from the defendant for the period **August 1, 2008 through January 31, 2009** the amount of **FOURTEEN THOUSAND, EIGHTY-FOUR AND 10/100 ($14,084.10)**

**DOLLARS** in unpaid fringe benefit contributions, **SEVEN HUNDRED FOUR AND 20/100 ($704.20) DOLLARS** as and for liquidated damages and **SEVEN HUNDRED TWELVE AND 09/100 ($712.09) DOLLARS** representing interest on the unpaid contributions; **SEVEN HUNDRED THIRTY-FIVE AND 93/100 ($735.93) DOLLARS** representing reasonable attorneys' fees; **SIXTY-SIX AND 00/100 ($66.00) DOLLARS** representing audit costs, for a total of **SIXTEEN THOUSAND, THREE HUNDRED TWO AND 32/100 ($16,302.32) DOLLARS,** less payments received of $7,462.40 for a judgment of **EIGHT THOUSAND, EIGHT HUNDRED THIRTY-NINE AND 92/100 ($8,839.92) DOLLARS** and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **August 1, 2008,** to date.

3. That the plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **August 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## IX

That the plaintiffs, Local Union No. 124 IBEW Pension Trust Fund, National Electrical Benefit Fund, Local Union No. 124 IBEW – NECA Annuity and 401(k) Trust Fund, IBEW Local Union No. 124 Health and Welfare Fund, IBEW Local Union No. 124 Vacation and Holiday Trust Fund, Electrical Joint Apprenticeship and Training Trust Fund, Labor Management Cooperation Trust, and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, have and recover of and from defendant Paxton Electric, LLC the amount of **TWELVE THOUSAND, NINE HUNDRED FORTY-SIX AND 75/100 ($12,946.75) DOLLARS** as and for liquidated damages and interest on the late payment of employee benefit plan contributions for the months of **OCTOBER 2007; JANUARY THROUGH JULY 2008**; reasonable attorney's fees and costs in the amount of **TWO THOUSAND AND 00/100 ($2,000.00) DOLLARS**; for a total of **FOURTEEN THOUSAND, NINE HUNDRED FORTY-SIX AND 75/100 ($14,946.75) DOLLARS.**

                                                                           s/ Gary A. Fenner
                                                                           Gary A. Fenner, Judge
                                                                           United States District Court

DATED: May 4, 2010